IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: _____- Civ

JOSHUA GOLDBERG AND GAIL GOLDBERG,

    Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,
A Liberian Corporation,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiffs, JOSHUA GOLDBERG AND GAIL GOLDBERG, by and through their undersigned counsel and sues the Defendant, ROYAL CARIBBEAN CRUISES, LTD., A Liberian Corporation, hereinafter "ROYAL", and alleges as follows:

    1.    This Claim is an action involving the diversity of citizenship of the parties as more fully described below and for damages in excess of $75,000.00. Alternatively, this case falls within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. 1333.

    2.    The Plaintiffs, JOSHUAH GOLDBERG AND GAIL GOLDBERG, are individuals and residents of Pennsylvania.

*Goldberg v. Royal Caribbean Cruises, Ltd.*

3. This Court has personal jurisdiction over the Defendant, ROYAL, and venue is proper in this Court as the Defendant, a Liberian Corporation, operates a passenger cruise ship line from its' principle place of business which is located in Miami-Dade County, Florida. Moreover, the claims asserted herein are directly related to and arise from the operation of such passenger cruise ship line. Further, ROYAL, expressly limited Plaintiffs' claims to this forum in the express language of the contract for carriage, the ticket sold for Plaintiffs' passage. Further, ROYAL's ticket indicates there is a one year (1) statute of limitations to bring claims.

4. At all times material herein, the Defendant, ROYAL, owned, operated, and/or otherwise controlled the passenger ship "THE FREEDOM OF THE SEAS". Accordingly, ROYAL is a common carrier of passengers by water for hire.

5. At all times material hereto, the Plaintiffs, JOSHUA GOLDBERG AND GAIL GOLDBERG, were fee paying passengers on the "FREEDOM OF THE SEAS" pursuant to the purchase of the aforementioned passenger tickets.

6. On or about July 28, 2013 JOSHUA GOLDBERG AND GAIL GOLDBERG, Plaintiffs, boarded the ROYAL, "FREEDOM OF THE SEAS", to celebrate their grandmother and mother's eighty first (81st) birthday. This vacation had been postponed from the year before due to the untimely death of family patriarch, Louis Goldberg.

7. On the first day of the trip, in the evening, there was an incident concerning the Plaintiffs and their families dining reservations. ROYAL's employees/hostesses in the dining room could not locate the dining reservations. There was little effort on the part of the Defendant's employees to find the dining reservations. Rather ROYAL's employees called GAIL GOLDBERG a liar when she insisted she made the correct reservations.

8. Another of Defendant's female "managers", Navva, arrived and also failed to locate the dining reservations. Navva incorrectly identified herself as the "dining room manager" which was not true. The Plaintiffs and their party of thirteen (13) were told they would have to wait for two hours (2) to dine. This included Matthew Cohen, an eighty eight (88) year old World War II veteran, who accompanied the Plaintiffs on this vacation.

9. The Plaintiffs insisted on speaking to another supervisor to determine what the problem was with the reservations. Eventually, another Maître D- of Indian descent came over and found the reservations. This Maître D indicated that Navva, the Defendant's employee, had lied concerning her position on the ship. She was visibly embarrassed by her mistake and by her actions.

10. The Plaintiffs and the rest of their family then went to the dining room for dinner. During dinner, while the party ate, two of ROYAL's security guards stood by the dining table watching over the GOLDBERGS and the rest of their party.

11. After dinner the party left the dining room area and they were approached by individuals in suits asking for GAIL GOLDBERG. GAIL GOLDBERG confronted

he individuals. A few seconds later four more men appeared in suits. The Plaintiff, GAIL GOLDBERG, was surrounded by seven men in suits who refused to identify themselves except that they worked the Defendant, ROYAL.

12. The men insisted that JOSHUA GOLDBERG AND GAIL GOLDBERG go with them. The Plaintiffs refused to go anywhere with these individuals as they did not know who they were for certain.

13. The next day, July 29, 2013, GAIL GOLDBERG was being paged to go to the guest relations desk. JOSHUA GOLDBERG, Aaron his brother, their Aunt Mindie, and cousin decided to meet the Plaintiff, GAIL GOLDBERG, at the guest relations desk to see what was happening. GAIL GOLDBERG was questioned by ROYAL's employees and security staff about the "dining room reservation" incident with Navva the night before. Apparently, Navva, who had lied about her position, was complaining to the security staff about the Plaintiffs and their immediate family in an attempt to cover up her own ineptitude.

14. A few days later on July 31, 2013 the Plaintiffs were planning on leaving the ship to explore St. Thomas. GAIL GOLDBERG passed the security station to exit the ship when she was immediately stopped. A security guard from the Defendant ROYAL, "Chodhary", physically and intentionally grabbed the Plaintiff, against her will, and then physically and intentionally pushed Plaintiff GAIL GOLDBERG against her will, along the corridor back to the guest relations desk area.

15. The Plaintiffs were taken to the 5th floor where they were met with over ten (10) of ROYAL's security staff. This included a gentleman named Aratar (an Israeli security guard), a guest relations manager (Rasmussen), a typist, a staff captain, and four other security guards.

*Goldberg v. Royal Caribbean Cruises, Ltd.*

16. The Plaintiffs were told by the staff captain they were being kicked off the ship because of the "Navva" incident and that my Plaintiffs JOSHUA GOLDBERG and GAIL GOLDBERG were going to be arrested in St. Thomas for being "uncooperative". The staff captain indicated this was a decision made, incredibly, by the Captain of the "FREEDOM OF THE SEAS". The security personnel of ROYAL were persecuting the Plaintiffs to cover up for "Navva".

17. Once this meeting was over the Plaintiffs were ushered out of the room the Guest Relations manager, Rasmussen, a second time intentionally pushed GAIL GOLDBERG and intentionally pushed JOSHUA GOLDBERG against their will out of the room and into a metal door.

18. Eventually, the Plaintiffs were taken to their rooms and given fifteen (15) minutes to pack their luggage and leave the ship.

19. The Plaintiffs and their family including their cousin, grandmother, and her significant other, Mr. Cohen – the World War II veteran, and were all forced off the Defendant's "FREEDOM OF THE SEAS".

20. The Plaintiffs and their family were then forced to walk, with their luggage, for three city blocks from the port in St. Thomas before boarding a taxi to the airport and boarding a flight to Miami. The Plaintiffs and their family then were forced to rent two vans and drive to Mr. Cohen's residence in Clermont, Florida where they arrived at 2:30 am.

21. A few days later on August 1, 2013 Plaintiff, JOSUA GOLDBERG's, right thigh and leg, where Rasmussen had intentionally battered him into the door, was extremely black and blue. Plaintiff went to the emergency room to make sure he wasn't suffering a blood clot.

*Goldberg v. Royal Caribbean Cruises, Ltd.*

22. As a result of the Defendant's actions in physically battering the Plaintiffs, JOSHUA GOLDBERG AND GAIL GOLDBERG, against their will they suffered, and continue to suffer permanent and painful injuries, including but not limited to injuries JOSHUA GOLDBERG's right leg and GAIL GOLDBERG's shoulder. Plaintiffs' require on-going medical care, up to and including the present time.

## COUNT I
## BATTERY AS TO GAIL GOLDBERG

The Plaintiff, GAIL GOLDBERG, re-alleges paragraphs 1-22 as if fully stated herein:

23. As a result of Plaintiff's status aboard the vessel as a fare paying passenger, ROYAL, a common carrier of passengers by water for hire, at all times material hereto owed the Plaintiff a duty to exercise reasonable care in the operation and maintenance of the vessel. Accordingly, ROYAL, at all times material hereto owed all of its passengers, and the Plaintiff in particular, the duty to maintain a reasonable and safe vessel. This would include the non-delagable duty to protect the Plaintiff from intentional battery and assaults by ROYAL's crew and to further provide the Plaintiff with safe passage during her voyage.

24. As described above the Defendant, ROYAL's, agents, employees and servants, including security personnel, intentionally touched and battered the Plaintiff,

*Goldberg v. Royal Caribbean Cruises, Ltd.*

GAIL GOLDBERG, without her consent, on multiple occasions and caused Plaintiff severe injury on July 31, 2013 breaching their duties to the Plaintiff.

25.  As a result of the ROYAL's employees actions ROYAL is strictly liable to the Plaintiff for the intentional torts, multiple batteries, committed by the Defendant's security personnel upon the Plaintiff.

26.  As a direct and proximate result of the foregoing breaches of its duty to Plaintiff, GAIL GOLDBERG, suffered and continues to suffer injuries and damages alleged below and further requires on-going, extensive medical care.

27.  As a direct and proximate result of this breach, the Plaintiff, GAIL GOLDBERG, suffered bodily injury, which caused and continues to cause her pain and suffering, mental anguish, scarring, aggravation of pre-existing conditions, emotional distress and loss of capacity for the enjoyment of life. Further, the Plaintiff has incurred the costs of medical care and treatment. All of these damages and injuries are permanent and continuing in nature and she will suffer them into the future.

**WHEREFORE**, Plaintiff, GAIL GOLDBERG, demands judgment for all damages allowed by law in excess of $75,000.00, against the Defendant, together with interest, costs, and any and all other relief this Court deems appropriate and a jury trial on issues so triable by a jury as a matter of right.

*Goldberg v. Royal Caribbean Cruises, Ltd.*

## COUNT II
## BATTERY AS TO JOSHUA GOLDBERG

The Plaintiff, GAIL GOLDBERG, re-alleges paragraphs 1-22 as if fully stated herein:

28. As a result of Plaintiff's status aboard the vessel as a fare paying passenger, ROYAL, a common carrier of passengers by water for hire, at all times material hereto owed the Plaintiff a duty to exercise reasonable care in the operation and maintenance of the vessel. Accordingly, ROYAL, at all times material hereto owed all of its passengers, and the Plaintiff in particular, the duty to maintain a reasonable and safe vessel. This would include the non-delagable duty to protect the Plaintiff from intentional battery and assaults by ROYAL's crew and to further provide the Plaintiff with safe passage during his voyage.

29. As described above the Defendant, ROYAL's, agents, employees and servants, including security personnel, intentionally touched and battered the Plaintiff, JOSHUA GOLDBERG, without his consent, on multiple occasions and caused Plaintiff severe injury on July 31, 2013 breaching their duties to the Plaintiff.

30. As a result of the ROYAL's employees actions ROYAL is strictly liable to the Plaintiff for the intentional torts, multiple batteries, committed by the Defendant's security personnel upon the Plaintiff.

8

*Goldberg v. Royal Caribbean Cruises, Ltd.*

31. As a direct and proximate result of the foregoing breaches of its duty to Plaintiff, JOSHUA GOLDBERG, suffered and continues to suffer injuries and damages alleged below and further requires on-going, extensive medical care.

32. As a direct and proximate result of this breach, the Plaintiff, JOSHUA GOLDBERG, suffered bodily injury, which caused and continues to cause him pain and suffering, mental anguish, scarring, aggravation of pre-existing conditions, emotional distress and loss of capacity for the enjoyment of life. Further, the Plaintiff has incurred the costs of medical care and treatment. All of these damages and injuries are permanent and continuing in nature and he will suffer them into the future.

**WHEREFORE**, Plaintiff, JOSHUA GOLDBERG, demands judgment for all damages allowed by law in excess of $75,000.00, against the Defendant, together with interest, costs, and any and all other relief this Court deems appropriate and a jury trial on issues so triable by a jury as a matter of right.

Dated this 21th day of July, 2014.

Respectfully submitted,

/s *Louis A. Vucci, Esq.*
Louis A. Vucci, Esq.,
Fla. Bar No.: 0131581
Louis@thevuccilawgroup.com
The Vucci Law Group, PA
Attorneys for the Plaintiff

*Goldberg v. Royal Caribbean Cruises, Ltd.*

    8101 Biscayne Boulevard
    Suite 311
    Miami, Florida 33138
    Tel.: (305) 573-0125
    Facsimile: (786) 536-7799